

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Tom Moore
County Attorney
Caldwell County
Lockhart, Texas

Attention:  Mr. A. H. Fielder

Dear Sir:

Opinion No. 0-5449
Re:  To what extent can the con-
stitutional levy of 25¢ or
the portion thereof levied,
for permanent streets, etc.,
be used for county wide
roads and for what purpose
and how?  And a related ques-
tion.

    Your letter requesting the opinion of this depart-
ment on the questions stated therein reads in part as follows:

    "In connection with your opinion No. 0-5422,
you refer to the case of Carroll v. Williams, 202
SW 504, rendered by the Supreme Court of Texas,
it would seem that the Court held that it would
be legal to use funds derived from the permanent
improvement tax for permanent streets within the
county and finding that a maximum for 'roads and
bridges' 'maintenance of public roads' and for
permanent 'streets' to be 55 cents or so much
thereof as levied for that purpose.

    "In this connection, please answer the fol-
lowing questions:

    "First:  To what extent can the constitution-
al levy of 25 cents, or the portion thereof levied,
for permanent 'streets', etc. be used for county
wide roads and for what purposes and how?

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Tom Moore, page 2

"Second:  What can the funds collected from
the permanent improvement tax be legally used for
in detail?

"I would appreciate a detailed answer to
these questions, because of conflicting opinions
rendered in the past ten or twelve years which
if followed would make certain funds useless.

"  .  .  .  "

Section 9, Article VIII of the State Constitution,
reads in part as follows:

"  .  .  .  no county, city or town shall levy
more than twenty-five cents for city or county
purposes, and not exceeding fifteen cents for roads
and bridges, and not exceeding fifteen cents to pay
jurors, on the one hundred dollars valuation, ex-
cept for the payment of debts incurred prior to
the adoption of the amendment September 25th, 1883;
and for the erection of public buildings, streets,
sewers, water works and other permanent improve-
ments, not to exceed twenty-five cents on the one
hundred dollars valuation, in any year, and except
as is in this Constitution otherwise provided; and
the Legislature may also authorize an additional
annual ad valorem tax to be levied and collected
for the further maintenance of the public roads;
provided, that a majority of the qualified prop-
erty tax-paying voters of the county voting at an
election to be held for that purpose shall vote
such tax, not to exceed fifteen cents on the one
hundred dollars valuation of the property subject
to taxation in such county.  And the Legislature
may pass local laws for the maintenance of the
public roads and highways, without the local notice
required for special or local laws."

Article 2352, Vernon's Annotated Civil Statutes, per-
taining to commissioners' courts, reads as follows:

"Said court shall have the power to levy and
collect a tax for county purposes, not to exceed

Honorable Tom Moore, page 3

twenty-five cents on the one hundred dollars valuation, and a tax not to exceed fifteen cents on the
one hundred dollars valuation to supplement the
jury fund of the county, and not to exceed fifteen
cents for roads and bridges on the one hundred
dollars valuation, except for the payment of debts
incurred prior to the adoption of the amendment
to the Constitution, September 25, A. D. 1883,
and for the erection of public buildings, streets,
sewers, water works and other permanent improvements, not to exceed twenty-five cents on the one
hundred dollars valuation in any one year, and
except as in the Constitution otherwise provided.
They may levy an additional tax for road purposes
not to exceed fifteen cents on the one hundred dollars valuation of the property subject to taxation, under the limitations and in the manner provided for in Article 8, Sec. 9, of the Constitution and in pursuance of the laws relating thereto."

We quote from Texas Jurisprudence, Volume 11, page 609,
as follows:

"The constitution prescribes the maximum rate
of taxes for general purposes, for roads and bridges,
for juries, and for permanent improvements, respectively. The moneys arising from taxes levied and
collected for each of the enumerated purposes are
constitutional funds; and the commissioners' court
has no power to transfer money from one fund to
another, or to expend, for one purpose, tax money
raised ostensibly for another purpose.

"The immediate purpose of the provision is to
limit the amount of taxes that may be raised for
these several purposes, respectively; but it is also designed to inhibit excessive expenditures for
any such purpose, and to require that any and all
moneys raised by taxation for any purpose shall be
applied to that particular purpose and to no other.

. . . . ."

Honorable Tom Moore, page 4

We do not think that the case of Carroll v. Williams, 202 S. W. 504, holds as stated in the first paragraph of your letter quoted above. It is our opinion that Article VIII, Section 9, of the Constitution, authorizes counties to levy 15¢ on the $100.00 valuation for roads and bridges, and an additional tax may be levied and collected for the further maintenance of public roads, provided that a majority of the qualified property tax-paying voters of the county voting at an election to be held for that purpose shall vote such tax, not to exceed 15¢ on the $100.00 valuation of the property subject to taxation in such county, and 25¢ on the $100.00 valuation for streets and other permanent improvements, but does not authorize a levy of 55¢ on the $100.00 valuation for roads not within the corporate limits of a city or town. (Williams v. Carroll, 182 S. W. 29.)

In answer to your first question, you are respectfully advised that it is our opinion that no part of the permanent improvement fund can be legally expended for roads not within the corporate limits of a city or town.

Your second question is too general to be answered in detail. We express no opinion concerning this question other than to point out that the provisions of the Constitution and Article 2352 heretofore quoted authorize the levying and collecting of a tax for the erection of public buildings, streets, sewers, water works and other permanent improvements, not to exceed 25¢ on the $100.00 valuation in any one year. It would naturally follow that the county could legally expend the permanent improvement fund for the enumerated purposes heretofore mentioned. In the event you have any particular expenditure in mind and desire our opinion as to whether or not such expenditure can legally be made out of the permanent improvement fund, we will be glad to give the same our consideration when presented to us.

APPROVED AUG 5, 1943

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Ardell Williams

Ardell Williams
Assistant

AW:db


APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN